### JONES, et al v. COLEY, et al.

No. 72-11066.

Circuit Court, Duval County.

February 20, 1973

Chester Bedell and William C. Gentry of Bedell, Bedell, Dittmar, Smith & Zehmer, Jacksonville, for the plaintiff..

Phillip A. Webb III of Webb, Swain & Watson, Jacksonville, for the defendants Hill and Standard Guaranty Ins. Co.

Carl K. Staas, of Boyd, Jenerette, Leemis & Staas, Jacksonville, for the defendants Coley and United Services Automobile Association.

**THOMAS J. SHAVE, Jr., Circuit Judge.**

The plaintiff Geraldine Jones, a minor, suing by her mother and next friend, Elvira Beatrice Jones, filed suit alleging that the defendants herein negligently operated their vehicles so as to cause a motor vehicle driven by defendant Delorais Gooden Hill to strike Geraldine Jones, who was a pedestrian, and cause her injury. Plaintiff also alleges that "neither the plaintiff Geraldine Jones nor any member of her household owned a motor vehicle nor was she or any member of her household insured under any motor vehicle liability policy."

The defendants moved to dismiss the complaint upon the grounds that the complaint failed to state a cause of action and the court lacked jurisdiction of the subject matter, and moved to strike paragraph eight of the complaint in which plaintiff alleged that Florida Statutes, §627.737, the Florida Reparations Reform Act, is unconstitutional insofar at it may prohibit the plaintiff herein from suing to recover full damages.

After due notice, and the court having heard and considered argument of counsel, the court finds that the application of §627.737, Florida Statutes, to a pedestrian such as plaintiff so as to prohibit such a plaintiff from suing to recover full damages for injuries suffered as a result of being struck by a motor vehicle constitutes a denial of due process of law guaranteed by the constitutions of the state of Florida and of the United States and violates §§21 and 22 of article I of the constitution of the state of Florida.

It is therefore ordered that the defendants' motions to dismiss and strike directed to the complaint herein are denied, and the defendants shall have ten days within which to file answers to the complaint.